UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILE SMILE, | No. 1:26-cv-04310-DAD-CKD (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| TODD BLANCHE, et al., | |
| Respondents. | (Doc. Nos. 1, 2) |

On June 5, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) On June 9, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)

On June 10, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondents fail to address any of the cases cited in the court's prior order, which the court construes as a concession that those cases are not substantively distinguishable from this one in accordance with its order. (*Id.*; *see also* Doc. No. 5.) Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. §

1

1225(b)(2) (Doc. No. 6 at 1–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

The court's June 9, 2026 order directed respondents, if they opposed the court ruling on the underlying petition based upon the briefing currently before it, to so indicate and provide substantive reasons in support of respondents' position in this regard in their opposition. (Doc. No. 5.) Respondents did not state any opposition to this court ruling on the underlying petition on the current briefing in their opposition. (Doc. No. 6.) Accordingly, the court will resolve the merits of the underlying petition in this order.

Based upon a review of the briefing, the court finds the following facts. On June 16, 2023, petitioner entered the United States without inspection. (Doc. No. 1 at ¶ 2.) At some time shortly thereafter, petitioner encountered immigration authorities, was detained by those authorities, and on June 19, 2023 was released on his own recognizance by those authorities. (*Id.* at ¶ 3.) On April 26, 2026, petitioner was re-detained by immigration authorities at a scheduled check-in appointment. (*Id.* at ¶ 5.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected as noted above. Respondents state that petitioner purportedly violated certain conditions of his release. (Doc. No. 6 at 1.) However, respondents do not explain how these purported violations compel a different result from that reached in *Ayala Cajina*. *Ayala Cajina*, 2025 WL 3251083, at *1. Moreover, respondents do not identify an alternative statutory basis that would justify immigration detention on this basis. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

/////

/////

2

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Smile Smile, A-File No. 241-400-570, from respondents' custody on the conditions, if any, he was subject to prior to his detention on April 26, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his habeas petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    __**June 11, 2026**__                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3